**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES RICOBENE and DEBRA RICOBENE, on behalf of plaintiffs and the class defined below, | ) ) ) ) | |
| Plaintiffs, | ) ) | 10 CV 3368 |
| vs. | ) ) ) | Judge Kennelly Magistrate Judge Keys |
| NCO FINANCIAL SYSTEMS, INC., | ) ) | |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiffs James Ricobene and Debra Ricobene bring this action to secure redress from unlawful credit and collection practices engaged in by defendant NCO Financial Systems, Inc. Plaintiffs allege violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2. The TCPA restricts the use of automated equipment to dial cellular telephones.

**VENUE AND JURISDICTION**

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1332(d).

4. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiffs within this District;

   b. Defendant transacts business within this District.

**PARTIES**

5. Plaintiffs James Ricobene and Debra Ricobene are individuals who reside in the Northern District of Illinois.

6. Defendant NCO Financial Systems, Inc. is a corporation with principal

1

offices located at 507 Prudential Rd., Horsham, PA 19044. It does business in Illinois. It has offices at 4601 Sauk Trail, Richton Park, IL 60471-1473.

7. NCO Financial Systems, Inc. is engaged in the business of a collection agency, using the mails and telephone to collect alleged debts originally owed to others.

## FACTS

8. Defendant has been attempting to collect from plaintiffs an alleged debt owed to American Express.

9. The debt was in fact owed by a corporation with which Mr. Ricobene was formerly associated.

10. On information and belief, no document signed by either plaintiff imposes personal liability for the alleged debt.

11. On multiple occasions during March and April 2010, plaintiffs received automated telephone messages placed by or at the direction of defendant on their cell phones seeking to collect the alleged debt.

12. On information and belief, the calls were placed using predictive dialers. The predictive dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

13. Plaintiffs did not authorize the automated placement of calls to their cell phones.

14. Plaintiffs did not furnish their cell phone numbers to defendant or the putative creditor.

## COUNT I – TCPA

15. Plaintiffs incorporates paragraphs 1-14.

16. The TCPA, 47 U.S.C. §227, provides:

**§ 227. Restrictions on use of telephone equipment**

**. . . (b) Restrictions on use of automated telephone equipment.**

>    **(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**
>
>>        **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–**
>
>>>            **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

17. The TCPA, 47 U.S.C. §227(b)(3), further provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

>    **(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
>    **(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
>    **(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

18. Defendant violated the TCPA by placing automated calls to plaintiffs' cell phones.

19. Each plaintiff and class member is entitled to statutory damages.

20. Defendant violated the TCPA even if their actions were only negligent.

21. Defendant should be enjoined from committing similar violations in the future.

**CLASS ALLEGATIONS**

22. Plaintiffs bring this claim on behalf of a class, consisting of (a) all persons with cellular telephone numbers in area codes 708 and 464 (b) who, on or after January 1, 2010 and on or before April 26, 2010 (c) received automated calls from defendant (d) where defendant's records do not show that the person provided the number to the defendant or the original creditor (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call).

23. The class is so numerous that joinder of all members is impractical. Plaintiffs allege on information and belief that there are more than 40 members of the class.

24. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

   a. Whether defendants engaged in a pattern of using automated equipment to place calls to cellular telephones;

   b. The manner in which defendants obtained the cell phone numbers;

   c. Whether defendants thereby violated the TCPA.

25. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiffs nor plaintiffs' counsel have any interests which might cause them not to vigorously pursue this action.

26. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

27. Several courts have certified class actions under the TCPA. Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); Hinman

v. M & M Rental Ctr., 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); Kavu, Inc. v. Omnipak Corp., 246 F.R.D. 642 (W.D.Wash. 2007); Gortho, Ltd., v. Websolv, 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008); Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Ct. App. 2006); Display South, Inc. v. Express Computer Supply, Inc., 961 So.2d 451, 455 (La. App. 1st Cir. 2007); Display South, Inc. v. Graphics House Sports Promotions, Inc., 992 So. 2d 510 (La. App. 1st Cir. 2008); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind. App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

    28. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

    WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class and against defendant for:

    (1) Statutory damages;

    (2) An injunction against further violations;

    (3) Costs of suit;

    (4)  Such other or further relief as the Court deems just and proper.


              s/Daniel A. Edelman
              Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
  & GOODWIN, L.L.C.

120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
 & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\24490\Pleading\First Amended Complaint_Pleading.wpd

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, hereby certify that on June 3, 2010, I caused to be filed the forgoing documents with the Clerk of the Court using the CM/ECF System. I further certify that on this date, or as soon thereafter as service may be effectuated, I will cause to be served the foregoing document via hand delivery upon the following party:

NCO Financial Systems, Inc.
c/o CT Corporation System, Registered Agent
208 S. LaSalle St., Suite 814
Chicago, IL 60604

s/Daniel A. Edelman
Daniel A. Edelman