**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES RICOBENE and DEBRA RICOBENE, on behalf of plaintiffs and the class defined below, | ) ) ) ) | |
| Plaintiffs, | ) ) | Judge Kennelly |
| -vs- | ) ) | Case No.: 10 CV 3368 |
| NCO FINANCIAL SYSTEMS, INC., | ) ) | Magistrate Judge Keys |
| Defendant. | ) | |

## NCO FINANCIAL SYSTEMS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES defendant NCO Financial Systems, Inc. (NCO) by and through undersigned counsel, and for its answer to plaintiffs' complaint, states as follows:

1. Plaintiffs James Ricobene and Debra Ricobene bring this action to secure redress from unlawful credit and collection practices engaged in by defendant NCO Financial Systems, Inc. Plaintiffs allege violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

**Answer: NCO admits that Plaintiffs purport to bring this action for alleged violations of the Telephone Consumer Protection Act, ("TCPA"), 47 U.S.C. § 227 but denies any and all liability, damages, and wrongdoing under the law.**

2. The TCPA restricts the use of automated equipment to dial cellular telephones.

**Answer: Paragraph 2 of the Complaint contains only a conclusion of law to which no answer is required. To the extent an answer is necessary, NCO denies the allegations of ¶ 2 as an incomplete statement of the law.**

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 1332(d).

**Answer: NCO admits the allegations of ¶ 3 for jurisdictional purposes only.**

4. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiffs within this District;

   b. Defendant transacts business within this District.

**Answer: NCO admits the allegations of ¶ 4 for jurisdictional purposes only.**

5. Plaintiffs James Ricobene and Debra Ricobene are individuals who reside in the Northern District of Illinois.

**Answer: NCO denies the allegations of ¶ 5 for lack of knowledge or information sufficient to form a belief therein.**

6. Defendant NCO Financial Systems, Inc. is a Pennsylvania corporation with offices at 507 Prudential Road, Horsham, Pennsylvania 19044. It does business in Illinois. It has offices at 4601 Sauk Trail, Richton Park, IL 60471-1473.

**Answer: NCO admits the allegations of ¶ 6.**

7. NCO Financial Systems, Inc. is engaged in the business of a collection agency, using the mails and telephone to collect alleged debts originally owed to others.

**Answer:  NCO admits only that a part of its business involves operating as a collection agency using the mails and telephone to collect debts owed to others. Except as specifically admitted, NCO denies the allegations of ¶ 7.**

8. Defendant has been attempting to collect from plaintiffs an alleged debt owed to American Express.

**Answer:  NCO admits the allegations of ¶ 8.**

9. The debt was in fact owed by a corporation with which Mr. Ricobene was formerly associated.

**Answer:  NCO is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 9, which operates as a denial.**

10. On information and belief, no document signed by either plaintiff imposes personal liability for the alleged debt.

**Answer:  NCO is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 10, which operates as a denial.**

11. On multiple occasions during March and April 2010, plaintiffs received automated telephone messages placed by or at the direction of defendant on their cell phones seeking to collect the alleged debt.

**Answer:  NCO denies the allegations of ¶ 11.**

12. On information and belief, the calls were placed using predictive dialers. The predictive dialers place calls without human intervention until a connection is made, in which the dialers attempt to connect the recipient with a debt collector.

**Answer:  NCO denies the allegations of ¶ 12.**

13. Plaintiffs did not authorize the automated placement of calls to their cell phones.

**Answer:  NCO is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 13, which operates as a denial.**

14. Plaintiffs did not furnish their cell phone numbers to defendant or the putative creditor.

**Answer:  NCO is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 14, which operates as a denial.**

## COUNT I

15. Plaintiffs incorporates paragraphs 1-14.

**Answer:  NCO re-alleges and re-avers its Answer to ¶ ¶ 1 - 14 as if set forth fully herein.**

16. The TCPA, 47 U.S.C. § 227 provides:

> § 227. Restrictions on use of telephone equipment
>
> …(b) Restrictions on use of automated telephone equipment.
>
> (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice.
>>
>>> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any

- 4 -

>> **service for which the called party is charged for the call;…**

Answer: There are no allegations in ¶ 16 directed at NCO, which contains only a conclusion of law to which no response is required. To the extent an answer is required, NCO denies that it acted in a way that was prohibited by or violated the TCPA.

17. The TCPA, 47 U.S.C. § 227(b)(3), further provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in appropriate court of that State—**
>
> > **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
> >
> > **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
> >
> > **(C) both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

Answer: There are no allegations in ¶ 17 directed at NCO, which contains only a conclusion of law to which no response is required. To the extent an answer is required, NCO denies that it acted in a way that was prohibited by or violated the TCPA.

18. Defendant violated the TCPA by placing automated calls to plaintiffs' cell phones.

**Answer: NCO denies the allegations of ¶ 18.**

19. Each plaintiff and class member is entitled to statutory damages.

**Answer: NCO denies the allegations of ¶ 19.**

20. Defendant violated the TCPA even if their actions were only negligent.

**Answer: NCO denies the allegations of ¶ 20.**

21. Defendant should be enjoined from committing similar violations in the future.

**Answer: NCO denies that it violated the TCPA, and denies that its activities should be limited or enjoined in any way by this Court.**

## CLASS ALLEGATIONS

22. Plaintiffs bring this claim on behalf of a class, consisting of (a) all persons with cellular telephone numbers in area codes 708 and 464 (b) who, on or after January 1, 2010 and on or before April 26, 2010 (c) received automated calls from defendant (d) where defendant's records do not show that the person provided the number to the defendant or the original creditor (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call).

**Answer: NCO admits only that Plaintiffs purport to bring this action as a class action, but denies that plaintiffs are adequate class representatives or that this action meets the requirements of Fed.R.Civ.P. 23.**

18. Defendant violated the TCPA by placing automated calls to plaintiffs' cell phones.

**Answer: NCO denies the allegations of ¶ 18.**

19. Each plaintiff and class member is entitled to statutory damages.

**Answer: NCO denies the allegations of ¶ 19.**

20. Defendant violated the TCPA even if their actions were only negligent.

**Answer: NCO denies the allegations of ¶ 20.**

21. Defendant should be enjoined from committing similar violations in the future.

**Answer: NCO denies that it violated the TCPA, and denies that its activities should be limited or enjoined in any way by this Court.**

## CLASS ALLEGATIONS

22. Plaintiffs bring this claim on behalf of a class, consisting of (a) all persons with cellular telephone numbers in area codes 708 and 464 (b) who, on or after January 1, 2010 and on or before April 26, 2010 (c) received automated calls from defendant (d) where defendant's records do not show that the person provided the number to the defendant or the original creditor (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call).

**Answer: NCO admits only that Plaintiffs purport to bring this action as a class action, but denies that plaintiffs are adequate class representatives or that this action meets the requirements of Fed.R.Civ.P. 23.**

23. The class is so numerous that joinder of all members is impractical. Plaintiffs allege on information and belief that there are more than 40 members of the class.

**Answer:** **NCO denies the allegations of ¶ 23.**

24. There are more questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of using automated equipment to place calls to cellular telephones;

    b. The manner in which defendants obtained the cell phone numbers;

    c. Whether defendants thereby violated the TCPA.

**Answer:** **NCO denies the allegations of ¶ 24, including subparts (a) through (c).**

25. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiffs nor plaintiffs' counsel have any interests which might cause them not to vigorously pursue this action.

**Answer:** **NCO denies the allegations of ¶ 25.**

26. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

**Answer:** NCO denies the allegations of ¶ 26.

27. Several courts have certified class actions under the TCPA. <u>Sadowski v. Med1 Online, LLC,</u> 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); <u>Hinman v. M&M Rental Ctr.,</u> 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); <u>Kavu, Inc., v. Omnipak Corp.,</u> 246 F.R.D. 642 (W.D. Wash. 2007); <u>Gortho, Ltd., v. Websolv</u>, 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008) <u>Travel 100 Group, Inc. v. Empire Cooler Service, Inc</u>., 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct 19, 2004); <u>Rawson v. C.P. Partners LLC</u>, 03 CH 14510 (Cook Co. Cir Ct., Sept. 20, 2005); <u>Lampkin v. GGH, Inc</u>., 146 P.3d 847 (Okla. Ct. App. 1st Cir. 2007): <u>Display South, Inc. v. Graphics House Sports Promotions, Inc.,</u> 992 So. 2d 510 (La. App. 1st Cir, 2008); <u>ESI Ergonomic Solutions, LLC., v. United Artists Theatre Circuit, Inc.,</u> 203 Ariz. (App. 2003) 94,50 P.3d 844 (2002); <u>Core Funding Group, LLC v. Young</u>, 792 N.E.2d 468 (2000) (private class actions); <u>State of Texas v. American Blast Fax, Inc.,</u> 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

**Answer:** **NCO denies that a cellular telephone class action under the TCPA has been certified by any court upon information and belief.**

28. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

**Answer:** **NCO denies the allegations of ¶ 28.**

AND NOW, in further Answer to the Complaint, NCO Financial Systems, Inc. avers as follows:

## FIRST AFFIRMATIVE DEFENSE

One or more of the Counts contained in the Complaint fail to state a claim against NCO Financial Systems, Inc. upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

One or more of the Counts contained in the Complaint are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Any violation that may have occurred in this case, or any loss, injury, damage or detriment suffered by plaintiffs, was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of third parties, and not by NCO.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' proposed class definition fails to comply with Federal Rule of Civil Procedure 23, and this action is not otherwise proper for class action certification.

## FIFTH AFFIRMATIVE DEFENSE

While NCO does not believe that it carries the burden of establishing prior express consent, as defined in 47 U.S.C. § 227(b)(1)(A), out of an abundance of caution, and in an effort to conform the pleadings to the anticipated disputes between the parties, NCO asserts that plaintiffs provided prior express consent to some or all of the complained-of telephone calls.

## SIXTH AFFIRMATIVE DEFENSE

NCO was justified and privileged in taking the actions alleged in the

Amended Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

1. Any alleged acts or omissions of NCO that give rise to Plaintiffs' claims are the result of innocent mistake.

2. NCO relies on the information provided to it by its creditor client. When a telephone number is provided to NCO by its creditor clients, NCO believes that the consumer has provided consent to that creditor client to be called on the number provided.

3. To the extent that any of the putative class members were called on a number given to NCO by the creditor client, and to the extent that the putative class member did not give consent to the creditor for calls to the provided number, NCO was reasonably mistaken.

## EIGTH AFFIRMATIVE DEFENSE

Plaintiffs acquiesced in and/or consented to the acts and omissions alleged in the Complaint herein.

## NINTH AFFIRMATIVE DEFENSE

If Plaintiffs suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiffs, and not by NCO.

## TENTH AFFIRMATIVE DEFENSE

By virtue of their unlawful, careless, negligent and other wrongful conduct,

Plaintiffs are barred from recovering against NCO under the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

NCO has committed no act or omission causing damage to Plaintiffs.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed, refused and/or neglected to take reasonable steps to mitigate their alleged damages, if any, thus barring or diminishing any recovery by them.

### THIRTEENTH AFFIRMATIVE DEFENSE

NCO had no sufficient intent for the commission of the matters alleged in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

Although NCO specifically denies it has any liability with respect to Plaintiffs' claims and allegations, NCO asserts that it has not willfully violated the TCPA in the manner alleged, and violation(s) that may have occurred were unintentional.

### FIFTEENTH AFFIRMATIVE DEFENSE

NCO denies that the calls it was making, and the equipment it was using to make those calls, was regulated by the TCPA.

WHEREFORE, Defendant NCO Financial Systems, Inc. respectfully requests that this answer be deemed good and sufficient, Plaintiffs' lawsuit be dismissed, with prejudice, at Plaintiffs' costs, pursuant to Federal and State law, Plaintiffs be ordered to

pay reasonable attorney's fees and costs for NCO and for all other general and equitable relief.

                                              Respectfully submitted,

                                              /s/ James K. Schultz
                                              Attorney for NCO Financial Systems, Inc.

James K. Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
55 West Monroe, Suite 1120
Chicago, IL 60603
Telephone:   (312) 578-0993
Facsimile:   (312) 578-0991
jschultz@sessions-law.biz

David Israel
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
Lakeway Two, Suite 200
3850 North Causeway Boulevard
Metairie, LA 70002-7227
Telephone:  (504) 828-3700
Facsimile:  (504) 828-3737
E-Mail:     disrael@sessions-law.biz

Attorneys for NCO Financial Systems, Inc.

**CERTIFICATE OF SERVICE**

I certify that on this 29th day of June, 2010, a copy of the foregoing Defendant NCO Financial Systems, Inc. Answer and Affirmative Defenses was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below. Parties may access this filing through the Court's system.

    Daniel A. Edelman
    Thomas E. Soule
    EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
    120 S. LaSalle Street 18th Floor
    Chicago, Illinois 60603


                                    /s/ James K. Schultz
                                    Attorney for NCO Financial Systems, Inc.